IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| John J. Garrett, ) | |
| ) | Civil Action No. 7:07-2952-HFF-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Henry McMaster, as successor to ) | |
| Charles M. Condon, The Attorney ) | |
| General For The State of South ) | |
| Carolina, Dean Campbell Individually, ) | |
| and in his official capacity, and ) | |
| Provident Life and Accident Insurance ) | |
| Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on defendant Provident Life and Accident Insurance Company's motion for summary judgment and the *pro se* plaintiff's motion for summary judgment. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On November 26, 2007, defendant Provident Life and Accident Insurance Company filed a motion for summary judgment. By order filed November 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his opposition to the motion on January 31, 2008. The plaintiff filed his own motion for summary judgment on February 11, 2008, and the defendants filed their opposition briefs on February 19, 2008.

## FACTS PRESENTED

Plaintiff John J. Garrett brings this action against Provident Life and Accident Insurance Company ("Provident") alleging causes of action for "misrepresentation, conspiracy, mental anguish, and intentional interference with economic advantage" (comp. ¶ 42). Defendant Provident removed this case to federal court on the basis of ERISA preemption. The plaintiff alleges that "Provident's history is detailed for practices of failing to treat disabled clients fairly by employing a custom, pattern, or practice of attempting to coerce, discourage, or prevent disability income recipients from receiving duly authorized income" (comp. ¶ 43). The plaintiff goes on to allege that Provident somehow concealed from him and the investigating authorities the fact that Provident was reinstating his group long-term disability benefits and that, by doing so, he was forced to plead guilty to a felony (comp. ¶ 53). The plaintiff further alleges that Provident and the State conspired to induce him to plead guilty to a crime in order to "persuade Plaintiff's attorney to convince Plaintiff to plead 'guilty to get his benefits reinstated'" (comp. ¶ 56). The plaintiff additionally alleges that Provident withheld evidence submitted as part of his continuing claim for disability benefits that he was not capable of gainful employment as part of a scheme to "get Plaintiff's money" (comp. ¶ 58). The plaintiff contends that "Provident's investigator purposely failed to verify a tipster's claim he owned a firm, failed to be neutral due to contact with parties, withheld material facts and caused Plaintiff's physical and mental disabilities to worsen to include an inability to protect" (comp. ¶ 58). The plaintiff also named Henry McMaster, the Attorney General for the State of South Carolina, and Dean Campbell, a former Assistant Attorney General, as defendants. The plaintiff claims the Attorney General's Office "failed . . . to ensure a proper investigation" and conspired with Provident to get the plaintiff "to plea to a contrived wrong" (comp. ¶¶ 39, 53).

## ANALYSIS

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome

of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

Provident argues in its motion for summary judgment that the plaintiff's claims against it are merely a restatement of an action previously decided by the court entitled *John J. Garrett v. B. Lee Thomas, Jimmy Dean Justice, Dana R. Justice, Francis O'Brien, UnumProvident Life & Accident Insurance Co., et al.*, 7:05-1542-HFF-WMC. In the prior action, the plaintiff alleged that Provident and the other defendants engaged in a scheme to "get all the money of the Plaintiff" by "conspiracy, coercion, fraud, identity theft, violation of contract, falsified or incorrect reporting to the office of the Attorney General of the State of South Carolina, a failure to share factual data obtained from investigator, a discontinuance without notice of the disability income of the Plaintiff, a sharing of information (information that was false) by insurance investigator with third party citizens of the state" (def. m.s.j., ex. C ¶ 13). The plaintiff's complaint in the prior action also went on to allege that the plaintiff was induced to plead guilty to a crime as a result of Provident's investigator not disclosing all information to the Attorney General's office (def. m.s.j., ex. C ¶¶ 16-17). The plaintiff's complaint further alleged that Provident "caused the State to threaten Plaintiff to make a plea to a felony unrelated to the investigation for the purpose

of discharging the indictments but wanted Plaintiff to forfeit his right to his rightful income" (def. m.s.j., ex. C ¶ 45). The complaint contained further allegations identical to those contained in the present action (def. m.s.j., ex. C ¶¶ 46 -51).

In the prior action, Provident moved for summary judgment on the grounds that the plaintiff's causes of action as to Provident were preempted by ERISA, 29 U.S.C. § 1001 *et seq.*, and that the plaintiff's causes of action were barred by the applicable statutes of limitations. On January 18, 2006, this court filed a report and recommendation finding that the plaintiff's causes of action as to Provident were preempted by ERISA and barred by the applicable statutes of limitations. This court recommended that the plaintiff's case be dismissed as to Provident and that the district court decline to exercise supplemental jurisdiction over the numerous state law claims alleged against the other defendants in that action (def. m.s.j., ex. A at 6-7). This report was adopted by the Honorable Henry F. Floyd, United States District Judge, on February 7, 2006 (def. m.s.j., ex. B).

> In the report, this court made the following findings:
>
> The plaintiff's complaint arises from the termination of his disability benefits. The plaintiff filed a claim for disability benefits, which was granted, in the early 1980s (p1. dep. 153). The benefits were paid pursuant to a group long-term disability policy that names M. Lowenstein Corporation, which was apparently the plaintiff's employer, as the plan sponsor. The summary plan description ("SPD") of that policy states that a portion of the costs of the plan are paid by M. Lowenstein Corporation, and M. Lowenstein Corporation is also the named insured. The SPD also states that it is governed by ERISA (Unum Provident m.s.j., ex. A at 14). The policy was underwritten by Provident Life and Accident Insurance Company, a subsidiary of Unum Provident.
>
> On October 8, 2001, defendant Unum Provident notified the plaintiff by letter that his disability benefits were being terminated because it had "received information that [he] no longer [met] the definition of total disability as outlined under the Group Policy" (Unum Provident m.s.j., ex. B). According to that letter, Unum Provident had received information that the

> plaintiff had been employed on a full-time basis during the period beyond the first two years of total disability. The letter also noted that five indictments had been returned against the plaintiff for making false statements or misrepresentations. Those indictments related to "claim statements presented by [the plaintiff] claiming to meet the definition of total disability" (Unum Provident m.s.j., ex. B). It appears that Unum Provident had been informed, allegedly by defendant Jimmy Dean Justice, that the plaintiff was working at Professional Collision and Towing, Inc. ('PCT"), of which the plaintiff is a shareholder, while receiving disability benefits. The plaintiff apparently pleaded guilty to insurance fraud.
>
> The plaintiff claims that defendant B. Lee Thomas, an investigator for Unum Provident, failed to disclose to the grand jury information helpful to the plaintiff that he acquired in an interview with Erik van der Steur, the former president of PCT (comp. ¶¶ 35-54).
>
> On January 3, 2002, the plaintiff's attorney in the matter wrote Unum Provident demanding that the plaintiff's disability benefits be reinstated. The attorney noted that the plaintiff suffered from multiple sclerosis, heart disease, and depression, and included a statement from the plaintiff's doctor supporting his claim that he continued to be disabled (Unum Provident m.s.j., ex. D). By letter dated February 21, 2002, Unum Provident notified the plaintiff that the appellate review of the decision to terminate his benefits had been overturned and his benefits were being reinstated. The letter further stated that the investigation into whether the plaintiff had been working while he was receiving disability benefits would continue (Unum Provident m.s.j., ex. C).

(Def. m.s.j., ex. A, pp. 2-3).

In the instant action, the plaintiff alleges that "Provident's history is detailed for practices of failing to treat disabled clients fairly by employing a custom, pattern, or practice of attempting to coerce, discourage, or prevent disability income recipients from receiving duly authorized income" (comp. ¶ 43). The plaintiff goes on to allege that Provident somehow concealed the fact that Provident was reinstating his group long-term disability benefits from the plaintiff and the investigating authorities and that, by doing so, the plaintiff was forced to plead guilty to a felony (comp. ¶ 53). The plaintiff further alleges

that Provident and the State conspired to induce him to plead guilty of a crime in order to "persuade Plaintiff's attorney to convince Plaintiff to plead 'guilty to get his benefits reinstated'" (comp. ¶ 56). The plaintiff additionally alleges that Provident withheld evidence submitted as part of his continuing claim for disability benefits that he was not capable of gainful employment as part of a scheme to "get Plaintiff's money" (comp. ¶ 58). The plaintiff also alleges that "Provident's investigator purposely failed to verify tipsters claim he owned a firm, failed to be neutral due to contact with parties, withheld material fact (sic) and caused Plaintiff's physical and mental disabilities to worsen to include an inability to protect" (comp. ¶ 58). Defendant Provident removed this case to federal court on the basis of ERISA preemption.

Provident argues that the plaintiff's causes of action against it are barred by *res judicata* and collateral estoppel. This court agrees. A party invoking *res judicata* must establish (1) that there was a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits. *Meekins v. United Transportation Union*, 946 F.2d 1054, 1057-58 (4th Cir. 1991). In *Meekins*, the Fourth Circuit Court of Appeals explained:

> The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, *regardless of whether they were asserted or determined in the prior proceeding.*

*Id.* at 1057 (quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir.1989))(emphasis added).

As the Fourth Circuit Court of Appeals held in *Keith v. Aldridge*, 900 F.2d 736 (4th Cir. 1990): "Consistent with the modern trend, *see* 18 Wright, Miller, & Cooper, § 4407; Restatement (Second) of Judgments § 24 (1982), we have adopted a transactional approach to the identity of claims question—'the appropriate inquiry is whether the new

7

claim arises out of same transaction or series of transactions as the claim resolved by the prior judgment.'" *Id.* at 740. Regarding what constitutes the same "transaction or series of transactions," the Fourth Circuit has explained:

> The expression "transaction" in the claim preclusion context "connotes a natural grouping or common nucleus of operative facts." Among the factors to be considered in deciding whether the facts of the current and prior claims "are so woven together" that they constitute a single claim "are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes."

*Pittston v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (citations omitted).

As argued by Provident, there was clearly a final judgment on the merits in the previous action. The plaintiff's causes of action against Provident were found to be preempted by ERISA and barred by the applicable statutes of limitations. Both actions contain identical factual allegations arising out of the same transaction and/or series of transactions (*i.e.*, Provident's alleged mishandling of the plaintiff's claim for long term disability benefits by allegedly attempting to avoid paying benefits by reporting the plaintiff to law enforcement authorities). Finally, the identities of the parties in this action and the prior action are the same. The plaintiff cannot avoid the preclusive effect of the prior order by changing the causes of action he alleges and adding additional parties. Based upon the foregoing, the plaintiff's claims against Provident are barred by *res judicata*.

Furthermore, the claims against Provident are also barred by collateral estoppel. For collateral estoppel to apply, the proponent must establish that (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom preclusion is asserted must have had a full and fair opportunity to litigate the issue in the previous forum. *Sedlack v. Braswell Servs. Group,* 134 F.3d 219, 224 (4th Cir. 1998). As was previously discussed, elements 1, 2 and

4 have been met. Additionally, with respect to element 3, the issues of ERISA preemption and the application of the statute of limitations were critical to the prior action. ERISA was critical in that not only did it form the basis for federal jurisdiction, it preempted all of the plaintiff's state law causes of action as to Provident. Likewise, the statute of limitations issue was dispositive of the plaintiff's whole action as to Provident. Element 5 has also been met. In the previous action, the plaintiff actively litigated the issues of ERISA preemption and the application of the statute of limitations. The plaintiff responded to Provident's motion for summary judgment with a written memorandum with multiple pages of exhibits, and after this court ruled in Provident's favor, the plaintiff filed a timely objection to the report. After the District Court adopted this court's report and recommendation, the plaintiff even moved for reconsideration of the district court's order. Clearly, the plaintiff had a full and fair opportunity to litigate these issues in the prior action. Based upon the foregoing, the plaintiff's claims against Provident are barred by collateral estoppel in addition to *res judicata*. Accordingly, Provident's motion for summary judgment should be granted.

After filing his response to Provident's motion for summary judgment, the plaintiff filed a motion for summary judgment arguing that Provident is liable for statutory penalties for failure to provide documents under ERISA, 29 U.S.C. § 1132(c). As argued by Provident, it does not appear that the plaintiff even alleged this claim in his complaint. Further, even if he did appropriately allege the claim, this court found in the prior action that Provident provided the documents to the plaintiff's counsel on October 25, 2001 (def. m.s.j., ex. A, p. 7). The plaintiff has come forth with no evidence in support of his claim. Accordingly, the plaintiff's summary judgment motion should be denied.

As noted above, defendant Provident removed this case to federal court on the basis of ERISA preemption, and it appears the issue of ERISA preemption is unique as to Provident and does not impact the other defendants, Henry McMaster, the Attorney

General for the State of South Carolina, and Dean Campbell, a former Assistant Attorney General. The plaintiff appears to have alleged both federal and state claims against defendants McMaster and Campbell. Should these defendants wish to file dispositive motions as to the claims against them, they are directed to do so on or before March 17, 2008.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that defendant Provident's motion for summary judgment (doc. 26) be granted and the plaintiff's motion for summary judgment (doc. 47) be denied. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

March 4, 2008

Greenville, South Carolina