IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| John J. Garrett, ) | |
| ) | Civil Action No. 7:07-2952-HFF-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND** |
| Henry McMaster, as successor to ) | **REPORT OF MAGISTRATE JUDGE** |
| Charles M. Condon, The Attorney ) | |
| General For The State of South ) | |
| Carolina, Dean Campbell Individually, ) | |
| and in his official capacity, and ) | |
| Provident Life and Accident Insurance ) | |
| Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the motion for summary judgment of remaining defendants Henry McMaster, Attorney General for the State of South Carolina, and Dean Campbell, a former Assistant Attorney General with the Insurance Fraud Division ("the defendants"). Defendant Provident Life and Accident Insurance Company was granted summary judgment by the Honorable Henry F. Floyd, United States District Judge, on March 12, 2008.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On March 17, 2008, the defendants filed a motion for summary judgment (doc. 58). By order filed March 20, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff

received an extension of time in which to file his opposition, and he filed his opposition to the motion on May 27, 2008. On that same date, the plaintiff also filed a motion to amend his complaint, for joinder of parties and claims, to produce, for declaratory judgment, and for summary judgment (doc. 71). Also pending is a previous motion for joinder of parties and claims by the plaintiff (doc. 42).

## **FACTS PRESENTED**

Plaintiff John J. Garrett brought this action against Provident Life and Accident Insurance Company ("Provident") alleging causes of action for "misrepresentation, conspiracy, mental anguish, and intentional interference with economic advantage" (comp. ¶ 42). Defendant Provident removed this case to federal court on the basis of ERISA preemption. The plaintiff alleges that "Provident's history is detailed for practices of failing to treat disabled clients fairly by employing a custom, pattern, or practice of attempting to coerce, discourage, or prevent disability income recipients from receiving duly authorized income" (comp. ¶ 43). The plaintiff goes on to allege that Provident somehow concealed from him and the investigating authorities the fact that Provident was reinstating his group long-term disability benefits and that, by doing so, he was forced to plead guilty to a felony (comp. ¶ 53). The plaintiff further alleges that Provident and the State conspired to induce him to plead guilty to a crime in order to "persuade Plaintiff's attorney to convince Plaintiff to plead 'guilty to get his benefits reinstated'" (comp. ¶ 56). The plaintiff additionally alleges that Provident withheld evidence submitted as part of his continuing claim for disability benefits that he was not capable of gainful employment as part of a scheme to "get Plaintiff's money" (comp. ¶ 58). The plaintiff contends that "Provident's investigator purposely failed to verify a tipster's claim he owned a firm, failed to be neutral due to contact with parties, withheld material facts and caused Plaintiff's physical and mental disabilities to worsen to include an inability to protect" (comp. ¶ 58).

The plaintiff also named Henry McMaster, the Attorney General for the State of South Carolina, and Dean Campbell, a former Assistant Attorney General, as defendants. The plaintiff claims the Attorney General's Office "failed . . . to ensure a proper investigation" and conspired with Provident to get the plaintiff "to plea to a contrived wrong" (comp. ¶¶ 39, 53). The plaintiff further alleges that defendants McMaster and Campbell "unconstitutionally and purposely suppressed evidence" and deprived him of several federal constitutional rights by their acts and omissions. *See* comp. ¶¶ 61, 62. Based upon the plaintiff's caption in this action, wherein suit has been brought against defendant Campbell "individually, and in his official capacity," and the aforementioned constitutional violations, the plaintiff ostensibly brings this action against defendants McMaster and Campbell pursuant to 42 U.S.C. § 1983. As to damages, the plaintiff generally requests actual and punitive monetary damages against the defendants.

At the time of the events as alleged in the plaintiff's complaint, Charlie Condon was the Attorney General for the State of South Carolina. *See* Harold Dean Campbell, Jr. aff. ¶¶ 2, 21. In March 2001, in the course and scope of his employment with the Office of the Attorney General, Dean Campbell was assigned a suspected insurance fraud matter involving the plaintiff and reported on behalf of Provident. *Id.*. ¶ 5. An investigation file had previously been generated on this matter on behalf of Provident and the matter was referred by Dean Campbell to SLED for investigation. *Id.* ¶ 6. Indictments for insurance fraud were subsequently brought against the plaintiff and were true billed by the Spartanburg Grand Jury on October 4, 2001. *Id.* ¶¶ 8, 9. The plaintiff was represented by counsel during all pertinent times, and in the course of a plea agreement, the plaintiff pleaded guilty to a reduced misdemeanor offense, and the remaining charges were dismissed on March 1, 2002. *Id.* ¶¶ 11-13, 15.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*,

759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

The plaintiff's federal claims, brought pursuant to Section 1983, are barred by the statute of limitations. Because Section 1983 does not explicitly provide its own statute of limitations, the court is to look to the personal injury statute of limitations from the relevant state, since Section 1983 claims are best characterized as personal injury actions. *Owens v. Okure*, 488 U.S. 235, 240-41(1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In South Carolina, the statute of limitations for such causes of action is three years. *See* S.C. Code Ann. § 15-3-530. Although the limitation period is borrowed from state law, the question of when a cause of action accrues under Section 1983 remains one of federal law. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)). In addition, the South Carolina Tort Claims Act has a statute of limitations of two years. S.C. Code Ann. § 15-78-110.

As referenced in the complaint, the plaintiff was prosecuted on March 1, 2002. *See* comp. ¶ 29. More specifically, the indictments against the plaintiff were presented and true billed by the Spartanburg County Grand Jury on October 4, 2001, and after negotiations with the plaintiff's counsel, the plaintiff pleaded guilty to a reduced misdemeanor offense for insurance fraud on March 1, 2002, before Judge Hall in the Magistrate Court of Spartanburg County. *See* Campbell aff. ¶¶ 9, 11-13. The last contact defendant Campbell had with the plaintiff or his attorney was at the plea hearing on March 1, 2002, and defendant Campbell closed the file with regard to the plaintiff and this matter in the Office of the Attorney General on March 8, 2002. *See id.* ¶¶ 19, 20. The plaintiff filed his complaint in state court on August 6, 2007, and the case was later removed to this court by Provident.

The plaintiff claims his claims accrued on July 13, 2005 (comp. ¶ 196). However, the plaintiff has failed to provide any evidence in support of that claim (pl. resp. m.s.j. 38-42). Importantly, the plaintiff has filed a previous complaint in this court entitled *John J. Garrett v. B. Lee Thomas, Jimmy Dean Justice, Dana R. Justice, Francis O'Brien, UnumProvident Life & Accident Insurance Co., et al.*, 7:05-1542-HFF-WMC. The plaintiff did not name the instant defendants in that action. In the prior action, which was filed in state court on May 5, 2005, and concerned the same facts that are the subject matter of this action, the plaintiff alleged that Provident and the other defendants engaged in a scheme to "get all the money of the Plaintiff" by "conspiracy, coercion, fraud, identity theft, violation of contract, falsified or incorrect reporting to the office of the Attorney General of the State of South Carolina, a failure to share factual data obtained from investigator, a discontinuance without notice of the disability income of the Plaintiff, a sharing of information (information that was false) by insurance investigator with third party citizens of the state." 7:05-1542-HFF-WMC comp. ¶ 13. The plaintiff's complaint in the prior action also went on to allege that the plaintiff was induced to plead guilty to a crime as a result of

6

Provident's investigator not disclosing all information to the Attorney General's office. *Id.* ¶¶ 16-17. The plaintiff's complaint further alleged that Provident "caused the State to threaten Plaintiff to make a plea to a felony unrelated to the investigation for the purpose of discharging the indictments but wanted Plaintiff to forfeit his right to his rightful income." *Id.* ¶ 45. Notably, this court found in that case, filed in 2005, that the statute of limitations had expired as to Provident. Clearly, prior to July 13, 2005, the plaintiff knew that he had been hurt and who inflicted the injury. *See Nasim*, 64 F.3d at 955.

It appears that the plaintiff's causes of action accrued, at the latest, on March 1, 2002, the date of his plea. As more than five years passed between the accrual of the plaintiff's causes of action and the filing of his complaint, both the plaintiff's state and federal claims are barred by the applicable statutes of limitation.

The plaintiff makes reference in his complaint and other pleadings to the application of South Carolina Code Annotated § 15-3-40, which provides for the tolling of the state statute of limitations for individuals: (1) within the age of eighteen years; or (2) insane. The plaintiff claims that he is physically disabled, and thus the statue of limitations is tolled. The plaintiff's reliance on the significance of the word "disability," which is contained within the context of this statute for the above-referenced categories of individuals, is misplaced, as there is no evidence that he falls into either of these categories. Specifically, South Carolina courts have held that physical disabilities do not toll the statute of limitations under § 15-3-40, *Wiggins v. Edwards*, 442 S.E.2d 169, 171 (S.C. 1994). Furthermore, as discussed above, the plaintiff was physically capable of filing and pursuing his previous lawsuit filed in 2005.

The plaintiff further argues that the statutes of limitation should be equitably tolled (comp. ¶¶ 198-201).

> "The doctrines of equitable tolling and equitable estoppel have a common origin; they are based primarily on the view that a defendant should not be permitted to escape liability by

7

> engaging in misconduct that prevents the plaintiff from filing his or her claim on time." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987). The element common to both doctrines is some form of misconduct by the defendant. Equitable tolling applies where a defendant, by active deception, conceals a cause of action. *Id.* And equitable estoppel applies where "the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline," even though the plaintiff knows that it exists. *Id.*

*Lekas v. United Airlines, Inc.*, 282 F.3d 296, 301 (4th Cir. 2002). Here, the plaintiff has failed to come forward with any evidence of misconduct by the defendants. Accordingly, the plaintiff is not entitled to equitable tolling or equitable estoppel.

Based upon the above, it is clear that the respective statutes of limitations for any federal or state law claims asserted by the plaintiff against defendants McMaster and Campbell have long since expired. Accordingly, the plaintiff's action is barred and should be dismissed in its entirety with prejudice.

The defendants are also entitled to prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that a prosecutor enjoys absolute immunity from suit for conduct "in initiating and in presenting the State's case." The Court explained:

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into ascription of improper and malicious actions to the State's advocate.

*Id.* at 424-25. In *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000), the Fourth Circuit held that "[a] prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phrase of the criminal process.'" *Id.* at 470 (quoting *Imbler*, 424 U.S. 409). The Supreme Court has likewise ruled that "acts undertaken by a

prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (citations omitted). In *Williams v. Condon*, 553 S.E.2d 496 (S.C. Ct. App. 2001), the South Carolina Court of Appeals held that "a prosecutor in the employ of this state is immune from personal liability under § 1983 or the South Carolina Tort Claims Act for actions relating to the prosecution of an individual as a criminal defendant – regardless of the prosecutor's motivation – provided the actions complained of were committed while the prosecutor was acting as an 'advocate,' as defined by *Imbler v. Pachtman* and its progeny." *Id.* at 509. Furthermore, "the law is clear that a prosecutor cannot be sued in his official capacity under either § 1983 for money damages or the Tort Claims Act when the acts complained of were 'judicial' or 'quasi-judicial' in nature." *Id. See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (holding that neither the state nor its officials acting in their official capacities are "persons" under § 1983, and therefore are not subject to suit under the statute in either federal or state court, except insofar as they are sued for prospective injunctive relief). Based upon the foregoing, the plaintiff's claims fail.

On January 31, 2008, the plaintiff moved (doc. 42) to join his previous attorneys, Brendan Delaney, Tony Lister, John Hawkins, and the law firm of Lister & Hawkins, P.A., as defendants in this action. He also moved to join Warren Diegel, a Customer Care Consultant for defendant Provident as a defendant. The plaintiff seeks to add claims for conspiracy under 18 U.S.C. § 241 and 42 U.S.C. § 1985; violation of his civil rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; torture; and violation of the South Carolina Unfair Trade Practices Act. On May 27, 2008, the plaintiff moved (doc. 71) to join as defendants in this action Jimmy Dean Justice, First Citizens Bank & Trust Company, Inc., SLED Agent Joe Jordan, and John Doe. The plaintiff also seeks to add claims for violation of the Americans with Disabilities Act and 42

U.S.C. § 1981, and constitutional violations under Section 1983. The plaintiff also seeks to add state claims.

As noted above, Judge Floyd granted summary judgment to defendant Provident, finding that the plaintiff's case against Provident was barred by *res judicata* and collateral estoppel as the court had previously held on these identical facts that the plaintiff's causes of action were preempted by ERISA and were barred by the applicable statute of limitations. *Res judicata* "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Meekins v. United Transportation Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). Clearly, the addition of the additional claims and defendants sought by the plaintiff would be futile as the claims would be barred by *res judicata* and the applicable statutes of limitations. Accordingly, the motions are denied.

## **CONCLUSION**

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion for joinder of parties and claims (doc. 42) and motion to amend, for joinder, and to produce (doc. 71) are denied. Further,

IT IS RECOMMENDED that the defendants' motion for summary judgment (doc. 58) be granted and the plaintiff's motion for summary judgment and declaratory judgment (doc. 71) be denied.

                                                      s/William M. Catoe
                                                      United States Magistrate Judge

July 3, 2008

Greenville, South Carolina